UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MABEL LOZANO,<br><br>    Plaintiff,<br><br>v.<br><br>LORENA TORRES,<br><br>    Defendant. | Case No. 2:21-cv-01829-APG-EJY<br><br>**ORDER**<br><br>**AND**<br><br>**REPORT AND RECOMMENDATION**<br><br>Re:  ECF Nos. 1, 2, 2-4 |

Non-inmate *pro se* Plaintiff Mabel Lozano Lozano filed 176 pages of Initiating Documents with the Clerk of Court in an attempt to commence a civil action.  ECF Nos. 2 through 2-4.  Despite Plaintiff's lengthy filing, she fails to assert any claim with clarity or specificity.  In addition to the Initiating Documents, Plaintiff submitted an application to proceed *in forma pauperis* ("IFP"), which she completed on a state court form instead of the IFP form required by the U.S. District Court for the District of Nevada.  ECF No. 1.  For these reasons, discussed more fully below, Plaintiff's Emergency Motion and Motion for Leave to Proceed *in forma pauperis* are denied without prejudice.

**I.      Brief Background**

Plaintiff's Initiating Documents allege that, in 2019, Defendant Lorena Torres kidnapped Ms. Lozano's son, Noah Gutierrez, and continues to wrongfully keep Noah away from Plaintiff.  The Court further understands that this situation arises from a restraining order obtained by Defendant from a California state court. ECF No. 2 at 2, 8.  Plaintiff brings her claim in the federal court sitting in Nevada alleging she is a resident of Nevada and Defendant is a resident of California.  *Id.* at 9, 14.

While Plaintiff's Initiating Documents reference several proceedings in Orange County, it is not possible to tell whether these, or any related proceedings, are ongoing in California.  *Id.*  Nonetheless, Plaintiff appears to ask the Court to issue *ex parte* injunctive relief vacating California

1   state court orders awarding custody of her son to Defendant and restraining Plaintiff from contacting

2   him. *Id.* at 16.

3   **II.      Plaintiff's *in forma pauperis* Application**

4          The U.S. District Court for the District of Nevada Local Rule 1-1 requires any plaintiff

5   seeking to proceed *in forma pauperis* to submit an IFP application "on the form provided by the

6   court." LSR 1-1.  Here, Plaintiff submitted what appears to be a state court form that does not contain

7   the financial information required by 28 U.S.C. § 1915(a) and Local Rule.  Although Plaintiff may

8   qualify for *in forma pauperis* status, the Court cannot make this determination until she files the

9   correct application.  Therefore, the Court denies Plaintiff's *in forma pauperis* application without

10   prejudice and instructs the Clerk of Court to mail her the correct form.  Should Plaintiff choose to

11   re-file her action, she must submit a completed IFP application that will be provided by the Court,

12   along with her new filing.

13   **III.     Screening Plaintiff's Complaint**[1]

14          There are several deficiencies in Plaintiff's Initiating Documents that must be addressed if

15   she chooses to re-file this action.

16          A.      <u>Plaintiff's Pleading Violates the Requirements and Spirit of Fed. R. Civ. P. 8</u>.

17          While the Court acknowledges Plaintiff's *pro se* status, her Initiating Documents (176 pages

18   long) violate Fed. R. Civ. P. 8(a)(2) requiring a complaint to contain a "short and plain statement of"

19   the claims asserted.  Plaintiff also violates Rule 8(d)(1) requiring each allegation to be "simple,

20   concise, and direct."  Plaintiff's Initiating Documents fail to provide a coherent factual basis for her

21   claims, and the stream-of-consciousness allegations about Defendant are neither simple nor concise.

22   In sum, Plaintiff's 176 pages of Initiating Documents fail to ensure that Defendant has "fair notice

23   of what … [P]laintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*,

24   544 U.S. 336, 346 (2005) (internal citation and quotation marks omitted).

25

26   _____

27   [1]      In the interest of efficiency and pursuant to its obligation under 28 U.S.C. § 1915(e)(2), the Court considers the
    substance of Plaintiff's Initiating Documents despite recommending dismissal to proceed *in forma pauperis*.  28 U.S.C.
    § 1915(e)(2)(A), (B)(i)-(iii) ("[T]he court shall dismiss the case at any time if the court determines that-- (A) the
28   allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon
    which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

1     B.     There are Significant Substantive Issues with Plaintiff's Initiating Documents.

2          In addition to Plaintiff's convoluted and difficult to understand allegations, the Court finds

3   jurisdictional and abstention issues arising from the Initiating Documents.

4          1.     *Plaintiff fails to establish subject matter jurisdiction over the dispute*
              *presented.*
5

6          Subject matter jurisdiction may derive from diversity of the parties.  Where a civil action

7   alleges the amount "in controversy exceeds the sum or value of $75,000" and the parties are "citizens

8   of different States" diversity jurisdiction will lie.  28 U.S.C. § 1332(a).  Subject matter jurisdiction

9   also arises when claims are based on a federal question, which are "civil actions arising under the

10  Constitution, laws, or treaties of the United States."  28 U.S.C § 1331.

11         In this case, Plaintiff states she is invoking the Court's diversity jurisdiction under 28 U.S.C.

12  § 1332(a).  ECF No. 2 at 2.  While it is potentially true that Plaintiff and Defendant are citizens of

13  different states, her Initiating Documents do not allege damages in excess of $75,000.  Although

14  Plaintiff avers in a conclusory fashion that, if granted, her damages would exceed $75,000, Plaintiff

15  provides no facts to support this assertion.  In fact, Plaintiff appears to be seeking injunctive relief.

16  ECF No. 2 at 16.  Moreover, nothing in Plaintiff's Initiating Documents suggests the presence of a

17  federal question.

18         2.     *Plaintiff fails to establish that the Court has personal jurisdiction over*
              *Defendant.*
19

20         Personal jurisdiction is established when: "(1) provided for by law; and (2) the exercise of

21  jurisdiction comports with due process."  *Southport Lane Equity II, LLC v. Downey*, 177 F. Supp. 3d

22  1286, 1290 (D. Nev. 2016) *citing Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1207 (9th Cir. 1980).

23  "When no federal statute governs personal jurisdiction, a federal court applies the law of the forum state."

24  *Id. citing Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  Where a state, such as Nevada,

25  has a "long-arm" statute providing "jurisdiction to the fullest extent permitted by the Due Process Clause

26  of the Fourteenth Amendment, a court need only address federal due process standards."  *Id. citing*

27  *Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 122 Nev. 509, 134 P.3d 710, 712 (2006) (citing Nev.

28  Rev. Stat. § 14.065); *Boschetto*, 539 F.3d at 1015.  Under these standards, a defendant must generally

1    have "certain minimum contacts" with the forum state before personal jurisdiction will be

2    established. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

3           Personal jurisdiction may be established in one of two ways: "general jurisdiction and

4    specific jurisdiction." *Boschetto*, 539 F.3d at 1016; *see also Helicopteros Nacionales de Colombia,*

5    *S.A. v. Hall*, 466 U.S. 408, 413–414 (1984).  General jurisdiction is properly exercised only when "a

6    defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant

7    can be deemed to be 'present' in that forum for all purposes." *Menken v. Emm*, 503 F.3d 1050, 1056–

8    57 (9th Cir. 2007).

9           In this case, Plaintiff pleads no facts in support of the conclusion that Defendant's contacts

10   with Nevada are sufficient to establish general jurisdiction.   ECF No. 2.   That is, Plaintiff fails to

11   assert any facts at all regarding Defendant's relationship with the state of Nevada.  *Id*.  A review of

12   specific jurisdiction also does not save Plaintiff's case from a dismissal recommendation.   Specific

13   jurisdiction is "jurisdiction based on the relationship between the defendant's forum contacts and

14   plaintiff's claims." *Menken*, 503 F.3d at 1057.  "[T]he defendant's conduct and connection with the

15   forum State [must be] such that he should reasonably anticipate being haled into court there." *World–*

16   *Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  Here, the Court finds all of Plaintiff's

17   allegations against Defendant, to the extent they are understandable, arise out of actions or omissions

18   occurring solely in California.   ECF No. 2.   These facts belie the conclusion that Nevada may

19   properly exercise personal jurisdiction over Defendant.

20                  *3.       The principles of abstention may support dismissal*.

21          Although the pleadings are ambiguous, the Court is mindful that there may be legal

22   proceedings related to this action pending in California state court.  *See* ECF No. 2 at 2.  If Plaintiff

23   seeks to challenge ongoing state court proceedings, she must do so in that court.  Principles of comity

24   and federalism (under *Younger v. Harris*, 401 U.S. 37 (1971)) require the Court to abstain from

25   taking action.  Under *Younger*, federal courts will generally abstain from granting any relief that

26   would interfere with pending state judicial proceedings.  *Gilbertson v. Albright*, 381 F.3d 965 (9th

27   Cir. 2004) (claims for damages); *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1987)

28   (claims for injunctive or declaratory relief).  If the *Younger* abstention doctrine is considered in

4

1   claims for injunctive or declaratory relief, a court may not retain jurisdiction, and should dismiss the

2   action.  *Juidice v. Vail*, 430 U.S. 327, 337 (1977).

3           Here, while it is not clear if there are ongoing state court proceedings related to the issues

4   presented by Plaintiff in this case, the Court may properly abstain from hearing the present action

5   until Plaintiff establishes all related matters in California courts have ceased.  In sum, until the status

6   of proceeding in California are clear, proceeding substantively on claims raised by Plaintiff in this

7   Court may be inappropriate.

8   **IV.     Order**

9           Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma*

10  *pauperis* is DENIED without prejudice.

11          IT IS FURTHER ORDERED that the Clerk of Court **shall** send Plaintiff the approved

12  application to proceed *in forma pauperis* by a non-prisoner, as well as the document entitled

13  information and instructions for filing an *in forma pauperis* application.

14          IT IS FURTHER ORDERED that within **thirty (30) days** of the date of this Order, Plaintiff

15  shall either: (1) file a fully complete application to proceed *in forma pauperis*, on the correct form,

16  in compliance with 28 U.S.C. § 1915(a) and LSR 1-1, or (2) pay the full $402.00 fee for filing a civil

17  action (which includes the $350.00 filing fee and the $52.00 administrative fee).

18          IT IS FURTHER ORDERED that the ex parte designation of Plaintiff's Initiating Documents

19  be removed.[2]

20  **V.      RECOMMENDATION**

21          IT IS HEREBY RECOMMENDED that Plaintiff's Initiating Documents (ECF Nos. 2

22  through 2-4) be DISMISSED without prejudice.

23          IT IS FURTHER RECOMMENDED that if Plaintiff so chooses, she be allowed to file a

24  complaint correcting **all** the above deficiencies identified and explained above no later than **thirty**

25  **(30) days** after the date of this Order.  Plaintiff must be mindful of the issues discussed above

26  ───────────────────────

27  [2]      Plaintiff improperly filed her Motion ex parte.  Local Rule IA 7-2(b) states that "[n]either party nor an attorney for any party may make an ex parte communication except as specifically permitted by court order or the Federal Rules of Civil or Criminal Procedure.  An ex parte motion or application must articulate the rule that permits ex parte filing

28  and explain why it is filed on an ex parte basis."  Plaintiff fails to establish any basis for her ex parte filing, her citation to an unknown source for a judicial cannon notwithstanding.

1   regarding jurisdiction, establish that there are no ongoing state proceedings, and that the Court may

2   exercise personal jurisdiction over the Defendant.  The complaint must contain a **short and plain**

3   **statement** describing the facts underlying the conduct that constitutes the violations of law Plaintiff

4   alleges.   Fed. R. Civ. P. 8(a)(2).    Although the Federal Rules of Civil Procedure adopt a flexible

5   pleading standard, Plaintiff still must give Defendant fair notice of Plaintiff's claims against her and

6   Plaintiff's entitlement to relief.

7          IT IS FURTHER RECOMMENDED that any complaint filed by Plaintiff **must not exceed**

8   **a total of thirty pages in length**, including exhibits.

9          DATED this 12th day of October, 2021.

10

11                                          _____
                                            ELAYNA J. YOUCHAH
12                                          UNITED STATES MAGISTRATE JUDGE

13

14                                          **NOTICE**

15          Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in

16  writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held

17  that the courts of appeal may determine that an appeal has been waived due to the failure to file

18  objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This Circuit has

19  also held that (1) failure to file objections within the specified time and (2) failure to properly address

20  and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal

21  factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir.

22  1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

23

24

25

26

27

28