UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MABEL LOZANO,

            Plaintiff,

v.

LORENA TORRES,

            Defendant.

Case No. 2:21-cv-01829-APG-EJY

**ORDER**

**AND**

**REPORT AND RECOMMENDATION**

Re:  ECF Nos. 6 and 6-1

## I.      Background

Before the Court is non-inmate *pro se* Mabel Lozano Lozano's second application to proceed *in forma pauperis* ("IFP") and second attempt to file a Complaint.  ECF Nos 6 and 6-1.  Plaintiff previously filed a series of Initiating Documents (ECF No. 2) and an IFP application (ECF No. 1) on October 4, 2021.  The Court denied Plaintiff's IFP application without prejudice for failure to use the proper form and instructed Plaintiff to submit a new application or pay the $402.00 filing fee within 30 days.  ECF No. 4.  The Court further dismissed Plaintiff's Initiating Documents with leave to file a proper complaint correcting the deficiencies the Court identified including abstention issues, failure to include a "short and plain statement of the claims asserted," and failure to plead facts establishing the Court's jurisdiction.  *Id.*  Plaintiff timely submitted a complete IFP application and her new Complaint on November 24, 2021.  Plaintiff's application to proceed *in forma pauperis* is granted, and the Court proceeds to screen the Complaint.

## II.     Screening Plaintiff's Complaint

Having granted Plaintiff's request to proceed in forma pauperis, the Court screens her Complaint under 28 U.S.C. § 1915(e)(2).  In screening a complaint, a court must identify cognizable claims and dismiss all claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard

under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

According to Federal Rule of Civil Procedure 8(a), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a). To survive § 1915(e)(2) review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Nonetheless, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

A.    Plaintiff fails to establish that the Court has personal jurisdiction over Defendant.

Personal jurisdiction is established when: "(1) provided for by law; and (2) the exercise of jurisdiction comports with due process." *Southport Lane Equity II, LLC v. Downey*, 177 F. Supp. 3d 1286, 1290 (D. Nev. 2016) *citing Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1207 (9th Cir. 1980). "When no federal statute governs personal jurisdiction, a federal court applies the law of the forum state." *Id*. *citing Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where a state, such as Nevada, has a "long-arm" statute providing "jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment, a court need only address federal due process standards." *Id*. *citing Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 122 Nev. 509, 134 P.3d 710, 712 (2006) (citing Nev. Rev. Stat. § 14.065); *Boschetto*, 539 F.3d at 1015. Under these standards, a defendant must generally have "certain minimum contacts" with the forum state before personal jurisdiction will be established. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Personal jurisdiction may be established in one of two ways: "general jurisdiction and specific jurisdiction." *Boschetto*, 539 F.3d at 1016; *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–414 (1984). General jurisdiction is properly exercised only when "a

defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes." *Menken v. Emm*, 503 F.3d 1050, 1056–57 (9th Cir. 2007).

Plaintiff pleads a conclusory allegation that "[t]his court has Specific Jurisdiction over defendant," and provides no facts to support this assertion. ECF No. 6-1 at 4. As the Court noted in its previous Order, all the events and omissions underlying the Complaint appear to take place in California. *Id.* at 1-11. The named defendant is a citizen of California. ECF No. 6-2 at 1. Plaintiff does not allege that Defendant has any connection to the State of Nevada, either now or in the past. In the absence of such facts, the Court cannot exercise jurisdiction over Defendant.

B. The Court has no authority to grant the relief requested.

Plaintiff's Complaint arises out of a California state court judgment awarding custody of her son N.G. to Defendant Lorena Tores. ECF No. 6-1 at 11. Plaintiff asks the Court to vacate the judgment, to return N.G. to Plaintiff's custody, and to enter a restraining order against Defendant preventing Defendant from contacting N.G. *Id.* Plaintiff further asks the Court to open a criminal investigation into Defendant and others, whom she accuses of participating in the kidnapping of N.G. *Id.* Plaintiff seeks monetary damages including "Punitive Damages in excess of $75,000.00," attorneys' fees, transportation and lodging expenses, $100,000 in damages for "lost time as well as undue harm, and mental and emotional suffering, and permanent emotional damage," as well as $20,000 in damages to be placed in a trust fund. *Id.* at 12.

Review of state court decisions must proceed through a state appellate process or, as appropriate, in the United States Supreme Court. Federal district court jurisdiction is limited by the *Rooker-Feldman* doctrine, which states that "a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 and 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Here, because Plaintiff "appears to seek this Court's assistance in overturning orders made by" an Orange County Superior Court judge, her claims are "inextricably intertwined" with the state court

proceedings and are therefore barred by *Rooker-Feldman*.  *Johnson v. Whitney*, Case No. 14-cv-1188-LAB-MDD, 2014 WL 2589278, at *2 (S.D. Cal. June 10, 2014), *quoting Feldman*, 460 U.S. at 483 n. 16.[1]

**III.    Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 6) is GRANTED.

**IV.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 6-1) be DISMISSED without prejudice to allow Plaintiff to proceed in California state court.

DATED this 2nd day of December, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

[1]    With respect to the injunctive relief Plaintiff seeks—returning N.G. to Plaintiff's care, entering a restraining order against Defendant, and opening a criminal investigation into Defendant—Plaintiff fails to state a claim.  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008).  Plaintiff alleges no legitimate grounds for the relief requested nor any violation of her rights.  Similarly, Plaintiff does not allege violations entitling her to the monetary damages requested.  ECF No. 6-1 at 6.